UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 10-CIV-60037-COHN/SELTZER

LINDA GEORGIAN and
INTERACTIVE INFORMATION
NETWORKS, LLC,

    Plaintiffs,

v.

THE ZODIAC GROUP, INC.,
DAVID FELGER, AND
DANIEL FELGER,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

**THIS CAUSE** is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint [DE 56] ("Motion"). The Court has carefully reviewed the Motion, the proposed Second Amended Complaint [DE 56-1], Defendant's Response [DE 59], Plaintiffs' Reply [DE 61], Defendant's Motion to Dismiss Amended Complaint [DE 47], and is otherwise fully advised in the premises.

Rule 15(a)(2) of the Federal Rules of Civil Procedures provides that a party may amend the party's pleading "with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." In construing Rule 15(a), the Supreme Court has held that

> In the absence of any apparent or declared reason–such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).

Defendants oppose the Motion for Leave to File Second Amended Complaint. "Defendants are concerned about the timing of this latest requested amendment and, specifically, in light of the fact that there are only two months left at this point to conduct fact discovery." Response at 2. Moreover, "Defendants do not believe that the proposed Second Amended Complaint cures the defects to the RICO claims as set forth in Defendants Motion to Dismiss, and its filing would require the filing of a further motion to dismiss." Id. at 3. Essentially, Defendants contend that the parties' "small business dispute" cannot sustain a civil RICO action and that any amendment of the complaint would therefore be futile.

Plaintiff, however, correctly states that "[u]nder 18 U.S.C. § 1961(1)(B), any indictable acts under 18 U.S.C. 1028(a)(7) renders it an indictable offense to knowingly use a 'means of identification' – including a 'name' under 18 U.S.C. § 1028(b)(7) – of another person without lawful authority and 'with the intent to commit, or aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law.'" Reply at 1-2. Plaintiff then asserts that § 817.568(2)(c), Florida Statutes, "makes it a felony of the first degree to willfully and without authorization fraudulently use 'personal identification information' as defined in Fla. Stat. § 817.568(1)(f) – which includes a name – without first obtaining the person's consent." Id. at 2. The proposed Second Amended Complaint alleges that Defendants knowingly, repeatedly used Plaintiff's name without her authorization. The proposed Second Amended Complaint also sets forth in some detail how Defendants allegedly used Plaintiff Linda Georgian's name without her authorization.

2

Thus, on its face, the Motion for Leave to File Second Amended Complaint is not futile.[1]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion for Leave to File Second Amended Complaint [DE 56] is **GRANTED**. Plaintiff shall file her Second Amended Complaint as a separate docket entry no later than August 31, 2010.

2. Defendants' Motion to Dismiss Amended Complaint [DE 47] is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 27th day of August, 2010.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record.

---

[1] The Court's finding that the Motion for Leave to File Second Amended Complaint is not futile does not preclude the Defendants from filing another motion to dismiss.