UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 10-CIV-60037-COHN/SELTZER

LINDA GEORGIAN and
INTERACTIVE INFORMATION
NETWORKS, LLC,

    Plaintiffs,

v.

THE ZODIAC GROUP, INC.,
DAVID FELGER,
DANIEL FELGER, and
MATTHEW PEREZ,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' EXPERT LESLIE JOSE ZIGEL, ESQ.

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Strike Defendants' Expert Leslie Jose Zigel, Esq. [DE 185] ("Motion"). The Court has reviewed the Motion, Defendants' Response in Opposition [DE 211], and is otherwise advised in the premises.[1]

### I. BACKGROUND

Plaintiff Linda Georgian ("Georgian") is a purported psychic who had a contractual relationship with Defendant Zodiac Group, Inc. ("Zodiac"). Among other things, the agreement between Georgian and Zodiac allowed Zodiac "to use and exploit [Georgian's] name, likeness, image, photograph, . . . and endorsements . . . in connection with the promotion, advertisement and commercial exploitation of Zodiac's telephone psychic entertainment services." DE 117 ¶ 45 ("Third Amended Complaint").

---

[1] Plaintiffs have not filed a reply and the time for filing a reply has passed.

After the contractual relationship concluded, however, Zodiac allegedly continued to use Georgian's name and likeness without authorization.  See generally Third Amended Complaint.

Consequently, Georgian filed a complaint against Zodiac, David Felger, and Daniel Felger.  See DE 1.  Thereafter, Plaintiff amended the operative pleading to add Interactive Information Networks, LLC as an additional plaintiff and Matthew Perez as an additional defendant.  The Third Amended Complaint alleges six counts: (1) Violations of the Lanham Act 15 U.S.C. §§ 1117, 1125, et seq.; (2) Unauthorized Publication of Image and Name Fla. Stat. § 540.08; (3) Violation of FDUTPA;[2] (4) Civil RICO 18 U.S.C. § 1962(c);[3] (5) RICO Conspiracy to Violate 18 U.S.C. § 1962(c)-(d); and (6) Unjust Enrichment.

Defendants submit that José Zigel ("Zigel") has expert knowledge regarding rights of publicity as well as the marketing and branding of celebrities.  See Expert Witness Report Submitted by: Leslie José Zigel, Esq. [DE 185-1] ("Zigel Report").[4] Plaintiffs have moved to strike Mr. Zigel as an expert witness because, according to Plaintiffs, he is not qualified as an expert, his methodology is not reliable, and his testimony will not assist the trier of fact.  See Motion at 4.  For the reasons set forth below, the Court will deny the Motion to Strike.

---

[2]   "FDUTPA" is shorthand for the Florida Deceptive and Unfair Trade Practices Act Fla. Stat. § 501.201 et seq.

[3]   "RICO" is shorthand for the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 (2006).

[4]   Citations to the Zigel Report refer to page numbers on CM/ECF.

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Evidence 702 controls determinations regarding the admissibility of expert testimony. See Fed. R. Evid. 702; see also Rink v. Cheminova, Inc., 400 F.3d 1286, 1291 (11th Cir. 2005). Pursuant to Rule 702, trial courts perform a three part inquiry to determine the admissibility of expert testimony and "[t]he party offering the expert has the burden of satisfying each of these three elements by a preponderance of the evidence." Rink, 400 F.3d at 1292 (citing Allison v. McGhan Med. Corp., 184 F.3d 1300, 1306 (11th Cir. 1999)). Specifically, a court must determine the following:

1. Whether the expert is qualified to testify competently regarding the matters he intends to address;

2. Whether the methodology by which the expert reaches his conclusions is sufficiently reliable; and

3. Whether the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

Quiet Tech. DC-8, Inc. v. Huerl-Dubois UK Ltd., 326 F.3d 1333, 1340 (11th Cir. 2003). District courts make such a determination "'to ensure that speculative, unreliable expert testimony does not reach the jury' under the mantle of reliability that accompanies the appellation 'expert testimony.'" Rink, 400 F.3d at 1291 (quoting McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1256 (11th Cir. 2002)). Stated differently, "district courts must act as 'gatekeepers' which admit expert testimony only if it is both reliable and relevant." Id. (citing Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993)).

3

**B. Qualifications**

An expert witness may be qualified to testify and give his or her opinions by way of his knowledge, skill, experience, training, or education. Fed. R. Evid. 702. Here, Plaintiffs retained Mr. Zigel as an expert to determine "(i) whether or not the commercial value of [Georgian]'s name and reputation may have been damaged in the marketplace; and (ii) to ascertain the value of her name, likeness and image at time of conclusion of her contract with Zodiac versus today and determine whether her value diminished, if at all," as well as to evaluate Plaintiffs' alleged damages. See Zigel Report at 3. Ultimately, Mr. Zigel concluded that Georgian's name and reputation have not been damaged in the marketplace and that the value of her name, likeness, and image both at the conclusion of her contract with Zodiac and today is *de minimis*. See generally id. For the reasons below, the Court finds that Mr. Zigel is qualified to render the opinions set forth in his report.

Mr. Zigel has worked on various endorsement deals whereby corporations pay celebrities for their name, likeness, and publicity rights in connection with advertising a product or service. See Zigel Report at 3; Zigel Deposition [DE 222-1] ("Zigel Depo.") at 7.[5] Mr. Zigel, as general counsel of BMG's Latin Division in Miami, worked "closely with [recording] artists on their tour related initiatives that they conducted as well as understanding all of the intricacies of their entertainment careers, marketing, public relations and the 'making of' stars process." Zigel Report at 4. As a shareholder at Greenberg Traurig, Mr. Zigel represented both companies and talent "for endorsement

---

[5] Citations to the Zigel Depo. refer to page numbers on CM/ECF.

agreements, television production companies, film production and new technology initiatives." Id.  For the past five years Mr. Zigel has had his own firm and worked extensively in the entertainment and branding fields, "which has included endorsement/spokesperson agreements related to Bud Light, Dr. Pepper, 7-UP, The Collection, State Farm, Kodak and other leading corporate entities." Id.  He has also "worked on deals involving celebrities such as Dwyane Wade, Pitbull, Kendra Todd, Rosanna Vasquez and others." Id.  He has spoken at numerous conferences with respect to branding and marketing issues.  Id.  In addition, he represents "numerous advertising agencies and talent marketing agencies and work[s] on product integration and product placement deals with major Spanish language and general market television networks." Id.  Based on the foregoing, the Court finds Mr. Zigel is qualified to render the opinions set forth in his report.

## C. Methodology

To determine whether an expert's methodology is sufficiently reliable, the Court may make the following inquiries regarding the proposed expert's theory or technique:

1. Whether it can be (and has been) tested;
2. Whether it has been subjected to peer review and publication;
3. What is its known or potential rate of error; and
4. Whether it is generally accepted in the field.

Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 145 (1999) (citations omitted). Notwithstanding, the Court has "substantial discretion" in deciding how to test an expert's reliability.  Rink, 400 F.3d at 1292 (quoting United States v. Majors, 196 F.3d 1206, 1215 (11th Cir. 1999)).

To determine the value of Ms. Georgian's brand, Mr. Zigel relied on, in part, "Q

scores." "A Q score is a metric that's been used for many years in the industry which recognizes the visibility of a particular celebrity or artist. . . . oftentimes for television advertising and endorsement granting deals." Zigel Depo. at 16.  Ms. Georgian has no Q score.  See id.

In addition to the Q score, Mr. Zigel evaluated several factors to determine the value of Georgian's brand.  Specifically, Mr. Zigel evaluated the following factors: (1) Follow the Leader; (2) Stature in Marketplace; (3) Niche Industry; (4) Commercial Success/Public Notoriety; and (5) Scope of Advertising.  See Zigel Report at 5-6.  Mr. Zigel also analyzed Georgian's social media presence.  See id.  Mr. Zigel also examined several documents, including tax returns, to evaluate Georgian's finances and predict earning potential.  See generally id.  Indeed, the Zigel Report shows that Mr. Zigel employed a methodical and rational procedure to arrive at his conclusions.  See generally id.  Stated differently, the Court finds that Mr. Zigel's methodology is reliable.

## D. Assistance to Trier of Fact

Mr. Zigel has extensive experience and expertise that would assist the trier of fact to resolve some issues in this case.  Notwithstanding, Plaintiffs object to Mr. Zigel's testimony to the extent he seeks to offer legal conclusions.  A legal conclusion is an improper subject for expert testimony.  See Montgomery v. Aetna Cas. & Sur. Co., 898 F.2d 1537 (11th Cir. 1990) (An expert "cannot testify to the legal implications of conduct [because] the court must be the jury's only source of law.").  Although the Zigel Report sets forth legal conclusions regarding the agreement between Georgian and Zodiac, the ultimate conclusions set forth in the Zigel Report are not legal conclusions.  Rather, Mr.

Zigel's ultimate conclusions set forth (1) that Georgian's reputation has not been diminished by Zodiac's actions and (2) Georgian's value as a brand or celebrity is *de minimis* and therefore her damages in this case are negligible. The undersigned finds that Mr. Zigel's testimony on those two points would assist the trier of fact in this case. Mr. Zigel, however, may not testify to rote legal conclusions.

### III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Strike Defendants' Expert Leslie Jose Zigel, Esq. [DE 185] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 23rd day of June, 2011.

*[signature]*
JAMES I. COHN
United States District Judge